IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RYAN CURRY, individually, and on behalf of all other similarly situated,

  Plaintiff,

v.

COUNTY MATERIALS CORP.,

  Defendant.

Case No.: 2:22-CV-2015

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant County Materials Corporation ("County Materials"), by its counsel, hereby gives notice of removal of this action from the Circuit Court of Champaign County, Illinois to the United States District Court for the Central District of Illinois.

## FACTUAL BACKGROUND

1. On December 10, 2021, Plaintiff Ryan Curry filed a putative class action Complaint in the Circuit Court of Champaign County, Illinois, Case No. 2021L-000197, alleging that County Materials violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq. See* Ex. A.

2. Plaintiff alleges that County "unlawfully collects, stores, disseminates, and uses Plaintiff's and other similarly-situated employees' biometric data in violation of BIPA." *Id.* ¶ 11.

3. Plaintiff alleges that County Materials failed to "[p]roperly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA" (*id.* ¶ 11(a));

"[p]rovide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly situated employees' fingerprints, as required by BIPA" (*id.* ¶ 11(b)); "[o]btain a written release from Plaintiff and other similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA" (*id.* ¶ 11(c)); and "[o]btain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA" (*id.* ¶ 11(d)).

4. For relief, Plaintiff seeks, on behalf of himself as well as a putative class, an order "(1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (2) awarding statutory damages to Plaintiff and the proposed Class." *Id.* ¶ 12. Plaintiff also seeks a finding that Defendant's actions were intentional and/or reckless to justify a statutory damages award of $5,000 per violation. (Ex. A, Prayer for Relief, D.)

5. On December 22, 2021, Plaintiff served a copy of the Complaint and summons in the above-captioned action upon Defendant County Materials Corp. (Ex. A.)

6. On January 18, 2022, Attorney Alan W. Nicgorski of Hansen Reynolds LLC appeared on behalf of the Defendant in the state court action. (Ex. B.)

7. No further proceedings have occurred in the state court action.

**REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b)**

8. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy for Plaintiff is $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

    *a.*    *There is Complete Diversity of Citizenship Among the Parties.*

    9.    Complete diversity exists under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states.

    10.    According to the allegations in the Complaint, Plaintiff is a "natural resident and citizen of the State of Illinois." (Ex. A, ¶ 13.) Plaintiff purports to bring this action on behalf of "[a]ll individuals working for Defendant in the State of Illinois who had their biometric identifiers and/or biometric information as defined by BIPA 740 ILCS 14/10 collected, captured, received or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. A, ¶ 55.) Plaintiff has not identified any potential class members outside of Illinois. (*See generally* Ex. A.)

    11.    County Materials is incorporated under the laws of the State of Wisconsin and has its principal place of business in Marathon, Wisconsin. (*See* Ex. A, ¶ 14; Wisconsin Department of Financial Institutions Record, Ex. C.) County Materials is therefore a citizen of the State of Wisconsin for the purposes of diversity jurisdiction and is not a citizen of the State of Illinois. *See id*; *see also* 28 U.S.C. § 1332(c)(1).

    12.    Accordingly, complete diversity exists under 28 U.S.C. § 1332(a)(1).

    *b.*    *The Amount in Controversy Requirement is Satisfied.*

    13.    To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003).

14.     The amount in controversy meets the jurisdictional requirements. While the summons form filed in in state court states that Plaintiff claims $50,000 in damages (Ex. A, Summons), it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. "When the plaintiff prefers to be in state court . . . the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold. Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands. That's the point of statements in [court] decisions that the removing litigant must show a reasonable probability that the takes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

15.     Plaintiff alleges multiple violations of BIPA by Defendant. (*See* Ex. A, ¶¶ 11, 40, 44, 49.) Specifically, Plaintiff alleges that he was required to scan and register his fingerprint in a timekeeping system so Defendant could use it as an authentication method to track his time worked. (*Id.* ¶ 42.) He alleges that Defendant stored his fingerprint data in an employee timekeeping database, and that he was required to scan his fingerprint each time he began and ended his workday. (*Id.* ¶¶ 43-44.) Plaintiff also claims that Defendant violated BIPA by failing to provide a data retention policy and by failing to obtain consent from Plaintiff and the members of the proposed class for dissemination of biometrics. (*Id.* ¶11(a-d).)

16.     BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated for each violation. *See* 740 ILCS 14/20. Plaintiff alleges multiple violations and seeks damages of $5,000 per violation. (*Supra* ¶16; Ex. A, Prayer for Relief (C-D).) The Northern District of Illinois held that allegations regarding needing to scan one's fingerprint each time an employee clocked in and

4

out as well as allegations regarding repeated violations were sufficient to find that the plaintiff alleged a violation every time the employee clocked in and out of work. *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019). Plaintiff includes those same allegations in his complaint, almost verbatim. (Ex. A, ¶¶ 44, 49, 11(d), 20.) Because Plaintiff seeks a statutory penalty of up to $5,000 for "each violation" and has alleged that he scanned his fingerprint each time he began and ended his workday, Plaintiff need only have clocked in and out a total of 15 times (or approximately 7.5 days of work) to reach potential damages of $75,000. Given that Plaintiff alleges that he began working in 2016, he undoubtedly has scanned his fingerprint to clock in and out far more than 15 times.[1] Plaintiff has therefore plausibly alleged the requisite amount in controversy for himself under § 1332(a).

**REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

17. Plaintiff's claims are also removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§1332(d)(2), 1332(d)(5)(B).[2]

---

[1] This bare minimum calculation of potential damages does not include Plaintiff's allegations regarding violations of other sections of BIPA (disclosure, retention schedule, etc.). (Ex. A, ¶ 11(a-d).) Therefore, the amount of damages he plausibly alleges is even higher. This calculation of potential damages is meant only to illustrate the amount of damages plausibly alleged by Plaintiff's Complaint, and is neither an admission nor a concession that (a) Plaintiff is entitled to any damages; or (b) that each fingerprint scan constitutes a separate violation under BIPA.

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of judicial procedure," such as 735 ILCS 5/2-801. *See* 28 U.S.C. § 1332(d)(1)(B); Ex. A hereto, ¶ 55-56.

*a. There is Minimal Diversity Among the Parties.*

18. Minimal diversity is established under CAFA because Plaintiff and one or more members of the proposed class are citizens of different states from County Materials. *See* 28 U.S.C. § 1332(d)(2)(A).

19. According to the allegations in the Complaint, Plaintiff is a citizen of Illinois and seeks to represent "[a]ll individuals working for Defendant in the State of Illinois who had their biometric identifiers and/or biometric information . . . collected, captured, received, or otherwise obtained or disclosed by Defendant during the applicable statutory period." (Ex. A, ¶ 55.)

20. As noted above, County Materials is incorporated under the laws of Wisconsin and has its principal place of business in Marathon, Wisconsin. (*See supra* ¶12; Ex. A, ¶ 14.)

21. Because Plaintiff himself is from a different state than Defendant, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

*b. The Proposed Class is Sufficiently Numerous.*

22. Plaintiff purports to bring this action on behalf of "[a]ll individuals working for Defendant in the State of Illinois who had their biometric identifiers and/or biometric information . . . collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period." (Ex. A, ¶ 55.)

23. Plaintiff alleges that the total number of putative class members exceeds fifty (50) individuals and that the exact number of class members can quickly and easily be determined from Defendant's records. (Ex. A, ¶ 57.)

24. A review of employees working at Defendant's Illinois facilities within the statutory period yields over 100 putative class members.

25.     Based on these allegations and a quick review of the number of employees working at Defendant's Illinois facilities, the Court can properly infer that the proposed class consists of more than 100 members, satisfying the requirement in CAFA that the proposed class consist of more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

   *c. The Amount in Controversy Exceeds $5 million.*

26.     CAFA requires that the amount in controversy exceed $5 million and requires the claims of the individual class members to be aggregated in determining the amount in controversy. 28 U.S.C. § 1332(d)(2),(6). In his summons, Plaintiff claims $50,000 in damages, but the CAFA amount in controversy threshold is met here based on Plaintiff's allegations and the undisputed facts.

27.     As noted above, Plaintiff alleges that the class "exceeds fifty (50) individuals," and a review of Defendant's records shows hundreds of individuals working at its Illinois facilities within the statutory period. (Ex. A, ¶¶ 23-26.) As to each of those individuals, Plaintiff alleges multiple violations of BIPA by Defendant. (*See e.g.*, *supra* ¶¶ 16-17.)

28.     BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." 740 ILCS 14/20. Given that Plaintiff alleges: (a) Defendant purportedly violated BIPA multiple times for both Plaintiff and the members of the proposed class; (b) each of those violations was reckless and subject to a $5,000 statutory fine; and given that the undisputed facts show a proposed class of over 100 individuals, the amount in controversy in this case will easily exceed the threshold requirement of $5 million. *See Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th

Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

## COMPLIANCE WITH THE REMOVAL STATUTE

29. The Notice of Removal was properly filed in the United States District Court for the Central District of Illinois, because the Circuit Court of Champaign County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

30. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

31. The Complaint was served on County Materials on December 22, 2021. *See* Ex. A, Summons/Aff. of Service. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the initial pleading.

32. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon County Materials with respect to this action are attached hereto as Exhibits A-B.

33. Pursuant to 28 U.S.C. § 1446(d) a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Champaign County, Illinois today.

## PRESERVATION OF RIGHTS AND DEFENSES

34. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate party. The filing of this Notice

of Removal is subject to, and without waiver of, any such defenses and objections. The damages calculations above are solely for purposes of establishing the damages plausibly alleged by Plaintiff's Complaint and are neither (a) an admission that Plaintiff is entitled to damages; or (b) an admission regarding the legal appropriateness of any method of calculating potential damages.

35. County Materials also reserves the right to amend or supplement this Notice of Removal.

## NON-WAIVER

36. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Defendants reserve the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

## CONCLUSION

37. County Materials respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Champaign County, Illinois. County Materials further requests whatever other relief the Court deems appropriate.

Dated: January 21, 2022.

                        **HANSEN REYNOLDS LLC**

                        By: *[s/Joseph J. Jacobi*
                        Joseph J. Jacobi, IL ARDC No. 6273967
                        *jjacobi@hansenreynolds.com*
                        150 S. Wacker Drive, 24th Floor
                        Chicago, IL 60606
                        Office: 312-818-5696
                        Fax: 414-273-8476

                        *Attorneys for Defendant County Materials Corporation.*

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 21st day of January, 2022, the foregoing was electronically filed using the Court's ECF system and further certifies that the same was served upon the following counsel via U.S. First Class mail, postage prepaid:

Ryan F. Stephan
Megan E. Shannon
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606

David Neiman
Blake Kolesa
ROMANUCCI & BLANDIN
321 North Clark Street, Suite 900
Chicago, Illinois 60654

Miranda L. Soucie
Spiros Law, P.C.
2807 N. Vermilion, Suite 3
Danville, IL 61832

*/s/Joseph J. Jacobi*
Joseph J. Jacobi