# EXHIBIT 1

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement," "Settlement," or "Settlement Agreement") is entered into by and between Plaintiff Ryan Curry ("Curry"), on behalf of himself and the Settlement Class ("Plaintiffs"), Defendants Central Processing Corporation and County Materials Corp. ("Defendants"), and County Prestress LLC and A-1 Transit Corporation in the case of *Curry v. County Materials Corp. et al.*, Case No. 2:22-cv-02015-CSB-EIL, currently pending in the United States District Court for the Central District of Illinois (the "Action"). Plaintiffs and Defendants are each referred to as a "Party" and are collectively referred to herein as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the following terms and conditions, subject to the approval of the Court.

### I.    FACTUAL BACKGROUND AND RECITALS

1.    On December 10, 2021, Plaintiff filed a Class Action Complaint ("Complaint") against Defendant County Materials Corp. in the Circuit Court of the Sixth Judicial District, Champaign County alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. On January 21, 2022, Defendant County Materials Corp. removed this action to the United States District Court for the Central District of Illinois. Plaintiff filed the operative First Amended Class Action Complaint on February 15, 2022, adding Defendant Central Processing Corporation.

2.    Defendants filed a motion to dismiss on March 11, 2022, which the Parties fully briefed. On September 1, 2022, the Court entered a written opinion denying Defendants' motion without prejudice to refile after the Illinois Supreme Court issued rulings in *Cothron v. White Castle Systems, Inc.*, No. 128004, and *Tims v. Black Horse Carriers, Inc.*, No. 127801. The Court also stayed proceedings pending *Cothron* and *Tims*.

3.    In February 2022, counsel for the Parties began to engage in settlement discussions via telephone and email. These negotiations continued throughout the spring and summer of 2022, culminating in a Memorandum of Understanding reflecting a settlement in principle, which was fully executed on September 15, 2022.

4.    Following arms-length negotiations, the Parties have negotiated a settlement in which the Parties agree to resolve all claims that relate to or arise out of Defendants' use of a biometric timekeeping system and that relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, ordinance, or common law. Defendants represent that there are 396 members of the Settlement Class, and Defendants understand and agree that this representation is a material term of this Settlement Agreement. If the class size increases by more than two percent, the total Settlement Fund will be adjusted up on a *pro rata* basis.

5.    The Parties have agreed to settle the Action on the terms and conditions set forth herein in recognition that the outcome of the Action is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

1

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

6.      Defendants deny and continue to deny all allegations of wrongdoing or liability in the Action. Despite the Defendants' belief that they are not liable for and have meritorious defenses to the claims alleged in the Action, Defendants desire to settle the Action and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally resolved in this Settlement Agreement. Neither this Settlement Agreement, nor any settlement negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability.

7.      Following arms-length negotiations, the Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) the Plaintiff's and Class Counsel's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

8.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiff and Class Counsel are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their best respective interests.

9.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Defendants, the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   **DEFINITIONS**

The following terms, as used in this Agreement, have the following meanings:

10.      "Action" shall mean the class action lawsuit pending in the United States District Court for the Central District of Illinois captioned *Curry v. County Materials Corp. et al.*, Case No. 2:22-cv-02015-CSB-EIL.

11.      "Administrative Expenses" shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing Notice, communicating with the

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

Settlement Class Members, disbursing payments to the proposed Settlement Class Members, and tax reporting. In no event will Administrative Expenses exceed $30,000.00.

12.    "Biometric System(s)" shall mean any allegedly biometric devices, software, or equipment capable of capturing information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, ordinance, or common law, specifically the alleged biometric time clocks used by workers at County Materials Corp., Central Processing Corporation, County Prestress LLC, or A-1 Transit Services Corporation between December 10, 2016, and the date of Preliminary Approval.

13.    "Class" or "Settlement Class," shall mean, as also defined in Section III of this Agreement:

All individuals who (1) worked or are currently employed by Central Processing Corp., and are working for County Materials Corp., Central Processing Corp., County Prestress LLC, or A-1 Transit Services Corporation; (2) in the State of Illinois; (3) who had their fingerprints collected, captured, received, stored, or otherwise obtained or disclosed by the Released Parties; (4) within the five-year period preceding the date the Complaint was filed to the date of Preliminary Approval of the Settlement by the Court.

14.    "Class Member" or "Settlement Class Member" shall mean each member of the Settlement Class, as defined in definition 13, above, and in Section III of this Agreement, who does not timely elect to be excluded from the Settlement Class and includes, but is not limited to, Plaintiff.

15.    "Class Counsel" or "Plaintiff's Counsel" shall mean Stephan Zouras, LLP, Romanucci and Blandin LLC, and Spiros Law, P.C.

16.    "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendants' Counsel, collectively.

17.    "Court" shall mean the United States District Court for the Central District of Illinois and the Honorable Colin S. Bruce or any judge sitting in his stead.

18.    "Defendants" shall mean County Materials Corp. and Central Processing Corporation.

19.    "Defendants' Counsel" shall mean Hansen Reynolds LLC.

20.    "Effective Date" shall mean the date when the Settlement Agreement becomes Final. If there are no objectors, the Effective Date shall mean when the Court grants Final Approval.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

21.     "Fee and Expense Petition" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses.

22.     "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

23.     "Final" means the Final Approval Order has been entered on the docket, and if a timely objection has been submitted (a) the time to appeal from such order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court, following the resolution of the appeal, enters a further order or orders approving the Settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

24.     "Final Approval Hearing" means the hearing before the Court where the Plaintiff will request a Final judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving a Service Award to the  Class Representative.

25.     "Final Approval Order" or "Final Approval" shall mean an order entered by the Court that:

    a.     Certifies the Settlement Class pursuant to Fed. R. Civ. P. 23;

    b.     Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement;

    c.     Dismisses the Plaintiff's and Class Members' claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

    d.     Approves the Release provided in Section VII and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties; and

    e.     Enters a Final judgment pursuant to Fed. R. Civ. P. 58 with respect to the foregoing.

26.     "Notice" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibit A and is consistent with the requirements of due process.

27.     "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date 60 days after the entry of the Preliminary Approval Order, or such other date as ordered by the Court.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

28.     "Parties" shall mean Plaintiff and Defendants, collectively.

29.     "Plaintiff" or "Class Representative" shall mean the named class representative, Ryan Curry.

30.     "Preliminary Approval Order" or "Preliminary Approval" shall mean the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Agreement.

31.     "Released Claims" shall mean all claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, or related in any way to information that is or could be protected under BIPA, or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers and/or biometric information that Class Members claim, might claim, or could have claimed in any court or administrative proceeding against the Released Parties and relating to Biometric Systems used by the Released Parties and any or all of their past or present parents or subsidiaries, and any other entities that could be jointly or severally liable for the claims.

32.     "Released Parties" shall refer, jointly and severally, and individually and collectively, to County Materials Corp., Central Processing Corporation, County Prestress LLC, or A-1 Transit Services Corporation and their past or present parents or subsidiaries, and any other entities that could be jointly or severally liable for the Released Claims. Excluded from this definition are any third-party vendors of the Biometric Systems.

33.     "Releasors" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their respective heirs, assigns, executors, administrators, and agents, past or present.

34.     "Service Award" shall have the meaning ascribed to it as set forth in Section XIV of this Agreement.

35.     "Settlement Administrator" means, subject to Court approval, \*\*\*, the entity selected and supervised by Class Counsel to administer the Settlement.

36.     "Settlement Fund" means a cash settlement fund to be established by Defendants or their insurers in an amount equal to $530,750.00 based on a class size of 396 Class Members. If the class size increases by more than two percent, the total Settlement Fund will be adjusted up on a *pro rata* basis.

## III.   SETTLEMENT CLASS CERTIFICATION

37.     For the purposes of the Settlement only, the Parties stipulate and agree that (a) the Class shall be certified in accordance with the definition contained in Paragraph 39, below; (b)

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

38.     Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement Agreement, or if for any other reason Final Approval of the Settlement Agreement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated, and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into.

39.     Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

> All individuals who (1) worked or are currently employed by Central Processing Corp., and are working for County Materials Corp., Central Processing Corp., County Prestress LLC, or A-1 Transit Services Corporation; (2) in the State of Illinois; (3) who had their fingerprints collected, captured, received, stored, or otherwise obtained or disclosed by the Released Parties; (4) within the five-year period preceding the date the Complaint was filed to the date of Preliminary Approval of the Settlement by the Court; and (5) who do not timely opt out of the settlement ( "Settlement Class Members" or "Class Members").

40.     Excluded from the Settlement Class are (1) the Court and members of their families; (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which any Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (5) the legal representatives, successors or assigns of any such excluded persons.

41.     If for any reason the Settlement Agreement is not approved, the Court does not enter a Preliminary Approval Order and/or a Final Approval Order, or a Final settlement and resolution of this Action as provided for in this Agreement is not reached, Defendants' agreement to certification of the Settlement Class shall not be used for any purpose, including but not limited to in any request for class certification in the Action or any other proceeding.

## IV.     SETTLEMENT OF THE ACTION AND CLAIMS AGAINST THE RELEASED PARTIES

42.     Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Action, and the Released Claims against the Released Parties by the Releasors in the Action.

## V.     SETTLEMENT FUND

43.     **Establishment of Settlement Fund.**

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

a.    Within twenty-one (21) days of entry of the Preliminary Approval Order and receipt of Settlement Administrator instructions and a Form W-9 for the Settlement Administrator, Defendants or their insurer(s) shall pay to the Settlement Administrator the total sum of $530,750.00 to create a Settlement Fund. Provided that Final Approval of this Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy all claims for Settlement Class Members in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice. If the class size increases by more than two percent, the total Settlement Fund will be adjusted up on a *pro rata* basis.

b.    The funds provided by or on behalf of Defendants to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an FDIC insured interest-bearing account created and controlled by the Settlement Administrator.

c.    If the Settlement Agreement is not finally approved, the Parties shall each bear 50% of the financial responsibility for any Administrative Expenses.

d.    The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($7,500.00); (iii) the Fee Award; and (iv) Administrative Expenses not to exceed $30,000.00.

e.    The Settlement Fund represents the total extent of the Defendants' monetary obligations under the Settlement Agreement. Defendants' contributions to the Settlement Fund shall be fixed under this Section and final unless the class size increases. Defendants and the other Released Parties shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund unless the class size increases.

44.    The Settlement Fund shall be divided among Class Members as follows: $1,375.00 per person for all those who were enrolled at Central Processing Corporation before signing any consent (210 workers); $250 per person for all others enrolled at Central Processing Corporation (186 workers); $500 per person for workers enrolled at County Materials Corp., County Prestress LLC, or A-1 Transit Services Corporation (391 workers). Under this framework, certain Class Members may make more than one recovery.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

45.    Settlement Class Members shall receive their shares of the Settlement Fund without having to submit a claim form or otherwise "opt in" to the Settlement Class.

46.    Any uncashed amounts from the Settlement Fund (including checks disbursed to Settlement Class Members that are uncashed for any reason within 180 days of issuance of the check) will be remitted to Land of Lincoln Legal Assistance Foundation as a *cy pres*.

47.    The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to Class Members required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the escrow account. The Settlement Administrator shall also be responsible for filing and sending Form 1099 to any applicable recipient of money from the Settlement Fund.

48.    Plaintiff and all other Class Members will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement. The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by a Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund.

49.    **Procedure for Approving Settlement.**

    a.    Promptly after execution of this Settlement Agreement, Plaintiff will file an unopposed motion (approved by Defendants' Counsel) for an order conditionally certifying the Class, giving Preliminary Approval to the Settlement, setting a date for the Final Approval Hearing, and approving the Notice (the "Unopposed Motion for Preliminary Approval").

    b.    At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and Preliminary Approval of the Settlement Agreement; appointing the Class Representative and Class Counsel; approving the Notice to the Class of the Settlement; and setting the Final Approval Hearing.

    c.    For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition and on the terms contained above, that Plaintiff shall be conditionally appointed Class Representative, and that Plaintiff's Counsel shall be conditionally appointed as Class Counsel. Should the Court decline to enter the Preliminary Approval Order or otherwise decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible and will then submit the renegotiated settlement agreement to the Court for

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

Preliminary Approval. If and only if the Parties are unable to obtain Preliminary Approval of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

50.    **Procedure for Administering Settlement.**

    a.    Class List.

        i.    Defendants shall create a Class list, based on readily available information already within its possession ("Class List"). The Class List shall include: last known name, address, telephone number, e-mail address, and Social Security number for each member of the Settlement Class to the extent available. The Settlement Administrator will update the Class List using the U.S. Postal Service's database of verifiable mailing addresses and the National Change-of-Address database.

        ii.    Defendants shall provide the Class List to the Settlement Administrator and to Class Counsel within seven days after entry of the Preliminary Approval Order.

    b.    Type of Notice Required.

        i.    The Notice, which shall be substantially in the form of Exhibit A attached hereto, shall be used for the purpose of informing members of the Settlement Class prior to the Final Approval Hearing that there is a pending Settlement and to further inform members of the Settlement Class how they may: (i) protect their rights regarding the Settlement; (ii) request exclusion from the Settlement Class and the proposed Settlement, if desired; (iii) object to any aspect of the proposed Settlement, if desired; and (iv) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

        ii.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the form attached as Exhibit A.

        iii.    Within 14 days of entry of the Preliminary Approval Order, individual notice shall be sent via U.S. Mail and e-mail (substantially in the form of Exhibit A). For all mailings returned as

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

undeliverable, the Settlement Administrator shall perform a reverse look-up to find updated addresses and will cause the Notice mailing to be re-mailed to those members of the Settlement Class.

51.   **Allocation.**

    a.   Within 14 days after the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Class Member, including the Plaintiff, equal to each Settlement Class Member's *pro rata* share of the Settlement Fund, less Administrative Expenses paid to the Settlement Administrator, the Service Award to the Class Representative, and the Fee Award to Class Counsel.

    b.   Within 14 days after the Effective Date, the Settlement Administrator shall send the Service Award to the Class Representative as a check in the amount of $7,500.00. This amount will be paid to Plaintiff as 1099 income.

    c.   The Settlement Administrator shall notify the Parties that all payments have been made within five business days of the last such payment. The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement.

    d.   Checks to the Settlement Class Members shall remain valid and negotiable for 180 days from the date of their issuance and may thereafter automatically be cancelled if not cashed within that time period. Within 75 days of issuance of settlement checks, the Settlement Administrator shall provide a list of any settlement checks that are not cashed/negotiated within 60 days of issuance to Counsel for the Parties. Within 10 days thereafter, the Settlement Administrator shall attempt to confirm or obtain valid mailing addresses, including by telephone, and send a reminder post-card to affected Class Members. Additionally, at the conclusion of the 180-day period, the Settlement Administrator shall provide a list of any settlement checks that are not then cashed/negotiated to Counsel for the Parties. Within 10 days of the expiration of the 180-day period, the Settlement Administrator shall transfer such uncashed funds to Land of Lincoln Legal Assistance Foundation as a *cy pres*.

    e.   The Settlement Administrator will include language on all settlement checks stating that such checks are void 180 days following the date such check was originally issued. The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement Agreement, including, without limitation, the portion of the Settlement Fund that has not been cashed within 180 days following the date such check was originally issued.

VI.   **PROSPECTIVE RELIEF**

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

52.    In lieu of injunctive relief, Defendants agree to take steps to comply with the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, including publicizing its biometric policies, ensuring that all of the Released Parties comply with BIPA, and verifying that previously collected biometric data is stored and destroyed in accordance with BIPA. Neither the fact of or documents in support of compliance with BIPA shall be used against the Released Parties as an admission of any kind.

## VII.    RELEASE

53.    In addition to the effect of the Final judgment entered in accordance with this Agreement, upon Final Approval of this Agreement, and for other valuable consideration as described herein, the Released Parties shall be fully, finally, and completely released, relinquished, acquitted, and forever discharged from any and all Released Claims. As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, relinquish, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against the Released Parties. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims. Class Members (including their respective heirs, assigns, executors, administrators, and agents, past or present) agree that this Setttlement Agreement is intended to extinguish all Released Claims, and, consistent with such intention, upon Final Approval of this Agreement, Class Members shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the Release set forth above.

54.    In addition, Plaintiff, solely in his individual capacity, releases and relinquishes the Released Parties from any and all claims, demands, liens (both general and charging), agreements, contracts, requests for injunctive relief, covenants, promises, suits, any and all manner of action or actions, causes of action, obligations, controversies, debts, costs, sanctions, expenses, attorneys' fees, expert fees, litigation costs, damages including, but not limited to, physical and emotional distress, statutory damages, remedial benefits, expenses for treatment Plaintiff may have received, or may receive in the future, treble damages, punitive damages, special and consequential damages, judgments, penalties, fines, insurance and reinsurance coverage, and liabilities of whatever kind, amount, or nature in law, equity, or otherwise, whether now known or unknown, suspected or unsuspected, fixed or contingent, and whether or not concealed or hidden, which have existed or may have existed, or which do exist or hereafter can, shall, or may exist, which relate in any way to the Released Parties.

55. Final Approval of the Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the Class Members the above-referenced litigation and the Released Claims against the Released Parties. Moreover, if the Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

## VIII.  PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

56.    This Settlement Agreement shall be subject to approval of the Court. As set forth in this Agreement, Defendants shall have the right to withdraw from the Settlement Agreement if the Court does not approve the material aspects of the Agreement, which include, but are not limited to, the scope of the release and amounts under the Agreement.

57.    Plaintiff, through Class Counsel, shall submit this Agreement, together with its Exhibit, to the Court and shall move the Court for Preliminary Approval of the Settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, which order shall seek a Final Approval Hearing date and approve the Notice for dissemination in accordance with the Notice provisions in Paragraph 50 and elsewhere in this Agreement.

58.    At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately 90 days after entry of the Preliminary Approval Order and approve the Settlement as set forth herein.

59.    At least seven days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff, through Class Counsel, will move for: (a) Final Approval of the Settlement Agreement; (b) Final appointment of the Class Representative and Class Counsel; and (c) Final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for Final Approval.

## IX.    EXCLUSIONS

60.    Exclusion Period.

    a.    Members of the Settlement Class will have up to and including 60 days following the date Notice is distributed (as measured by the postmark on the Notice) to exclude themselves from the Settlement in accordance with this Section. If the Settlement Agreement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Agreement will be their sole and exclusive remedy for the Released Claims.

61.    Exclusion Process.

    a.    A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

b.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that they wish to be excluded from the Settlement Class; and their signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved.

c.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any order or the Final judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement.

d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

e.  Within three business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

62.  A list reflecting all individuals who timely and validly excluded themselves from the Settlement Class shall also be filed with the Court by the Settlement Administrator at the time of the motion for Final Approval of the Settlement.

## X.   OBJECTIONS

63.  The Notice shall advise members of the Settlement Class of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (a) file copies of such papers they proposed to submit at the Final Approval Hearing with the Clerk of the Court; and (b) send copies of such papers via US Mail, hand delivery, or overnight delivery to both Class Counsel and Defendants' Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections and any other communication relating to this Settlement.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

64.    Any Settlement Class Member who intends to object to this Settlement Agreement must include in any such objection: (a) their full name, address, and current telephone number; (b) the case name and number of this Action; (c) the date range during which they were employed by or performed work for Defendants or Released Parties; (d) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (e) the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in the last five years; and (f) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name, address, and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, they must state as such in the written objection, and must also identify any witnesses they may seek to call to testify at the Final Approval Hearing and all exhibits they intend to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

65.    Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Agreement or its terms by appeal or other means.

## XI.    FINAL APPROVAL HEARING

66.    The Parties will jointly request that the Court hold a Final Approval Hearing approximately 90 days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to Fed. R. Civ. P. 23 for settlement and, if so, (a) consider any properly-filed objections; (b) determine whether the Settlement Agreement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith; and (c) enter the Final Approval Order, including Final Approval of the Settlement Class and the Settlement Agreement, and the Fee Award and Service Award.

## XII.    FINAL APPROVAL ORDER

67.    The Parties shall jointly seek entry of the Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions, or stipulation to implement this Section shall, among other things, seek or provide for entry of Final judgment, a dismissal of the Action with prejudice, and waiver of any rights of appeal.

68.    The Parties shall jointly submit to the Court the proposed Final Approval Order that without limitation:

    a.    Approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

b.    Dismisses, with prejudice, all claims of the Settlement Class against the Defendants in the Action, without costs and fees except as explicitly provided for in this Agreement; and

c.    Enters a Final judgment pursuant to Fed. R. Civ. P. 58.

## XIII.   TERMINATION OF THE SETTLEMENT

69.    The Settlement is conditioned upon Preliminary Approval and Final Approval of the Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments, or modifications are agreed to in writing between the Parties). All exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within 10 days of any of the following events:

a.    This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

b.    The Court refuses to grant Preliminary Approval of this Agreement even after the renegotiation process described in Paragraph 48(c) of this Agreement;

c.    The Court refuses to grant Final Approval of this Agreement in any material respect; or

d.    The Court refuses to enter a Final judgment in this Action in any material respect.

70.    In the event the Settlement Agreement is not approved or does not become Final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

## XIV.   ATTORNEYS' FEES, COSTS, AND EXPENSES AND SERVICE AWARD

71.    No later than seven days prior to the date of the Final Approval Hearing, Class Counsel will move the Court for an award of attorneys' fees not to exceed 35% of the Settlement Fund, or $185,762.50, based on the estimated size of the Class, plus reasonable costs and expenses, not to exceed $5,000.00.

72.    Notwithstanding any contrary provision of this Agreement, and subject to Paragraph 66 of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

73.     Class Counsel shall provide the Settlement Administrator with its completed W-9 before the payment of the Fee Award is due. Within three business days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via electronic wire transfer to an account designated by Class Counsel.

74.     Prior to or at the same time as Plaintiffs seek final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed Seven Thousand Five Hundred Dollars ($7,500.00), and Defendants agree that they will not oppose such a request. The Service Award shall be paid solely from the Settlement Fund by check written by the Settlement Administrator within 14 days of the Effective Date.

75.     In no event will Defendants' liability for payments to Class Members, attorneys' fees, expenses, and costs, including the Fee Award, Administrative Expenses, and/or a Service Award exceed the funding obligations set out in this Agreement unless the class size increases. Defendants shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund unless the class size increases. Defendants shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendants will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel. The Settlement Administrator shall handle all tax reporting with respect to the payments made pursuant to the Settlement and shall report the payments in accordance with applicable law.

## XV.    MISCELLANEOUS REPRESENTATIONS

76.     The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given member of the Settlement Class related to the Released Claims.

77.     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain Final Approval of the Settlement Agreement.

78.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class and other Releasors, and each or any of them, on the one hand, against the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

brought by Plaintiffs or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

79.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the Released Claims. The Parties have read and understand fully this Settlement Agreement, including its exhibit, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

80.     Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

81.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

82.     This Agreement and its exhibit set forth the entire Agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

83.     This Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

84.     The Parties agree that Exhibit A to this Settlement Agreement is a material and integral part thereof and is fully incorporated herein by this reference.

85.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

86.     Except as otherwise provided herein, each Party shall bear its own costs.

87.     Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

88.     The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

89.     The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its exhibit, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not, except in accordance with Paragraph 91 of this Agreement, (a) constitute, be construed, be offered, or received into evidence as an admission of any kind, including but not

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

limited to any negligent, reckless or illegal action or omission or other wrongdoing, the appropriateness of class certification, the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

90.    The Parties also agree that this Settlement Agreement and its exhibit, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any member of the Settlement Class other than for certification of the Settlement Class for settlement purposes.

91.    Except in accordance with Paragraph 92 of this Agreement, this Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Approval Order.

92.    The provisions of this Settlement Agreement, and any orders, pleadings, or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (a) to enforce the terms and provisions hereof or thereof, (b) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (c) in connection with any motion to enjoin, stay, or dispose of any other action, or (d) to obtain Court approval of the Settlement Agreement.

93.    This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement all exchange all signed counterparts.

94.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

95.    This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

96.    This Agreement is deemed to have been prepared by Counsel for the Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

substantially and materially to the preparation of this Agreement and its exhibits, it shall not be construed more strictly against one Party than another.

97.    Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

If to Class Counsel:

Ryan F. Stephan
Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550 | 312.233.1560
∫
rstephan@stephanzouras.com
hjenkins@stephanzouras.com

David Neiman
**ROMANUCCI    &    BLANDIN**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
T:    312.626.7614    |    F: 312.458.1004
dneiman@rblaw.net

Miranda L. Soucie
**Spiros Law, P.C.**
2807 N. Vermilion, Suite 3
Danville, IL 61832
Telephone: 217.443.4343
msoucie@spiroslaw.com

If to the Defendant's Counsel:

Danielle M. Nardick
Hansen Reynolds LLC
10 E Doty St., Suite 800
Madison, WI 53703
Office: 414-455-7676
Fax: 414-273-8476

dnardick@hansenreynolds.com

Alan W. Nicgorski
Hansen Reynolds LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
Office: 414-455-7676
Fax: 414-273-8476
anicgorski@hansenreynolds.com

98.    This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

In witness hereof, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**RYAN CURRY, on behalf of himself and the Settlement Class**

Ryan Curry, Plaintiff

Date: 10/17/2022

**COUNTY MATERIALS CORP.**

Signature

Kerry Bartol
Name

VP Risk Management
Position

Date: 10/24/22

**CLASS COUNSEL**

Date: 10/21/2022

Ryan F. Stephan
Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550 | 312.233.1560 *f*
rstephan@stephanzouras.com
hjenkins@stephanzouras.com

David Neiman
**ROMANUCCI & BLANDIN**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
T: 312.626.7614 | F: 312.458.1004
dneiman@rblaw.net

Miranda L. Soucie
**Spiros Law, P.C.**
2807 N. Vermilion, Suite 3
Danville, IL 61832
Telephone: 217.443.4343
msoucie@spiroslaw.com

**CENTRAL PROCESSING CORPORATION**

Signature

Kerry Bartol
Name

VP Risk Management
Position

Date: 10/24/22

**COUNTY PRESTRESS LLC**

Signature

Kerry Bartol
Name

VP Risk Management
Position

Date: 10/24/22

**A-1 TRANSIT CORP.**

Signature

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

_Kerry Bartel_
Name

_vP Risk Management_
Position

Date: 10/24/22

**DEFENDANT'S COUNSEL**

_Danielle M. Nardick_

Date: 10/26/22

Danielle M. Nardick
Hansen Reynolds LLC
10 E Doty St., Suite 800
Madison, WI 53703
Office: 414-455-7676
Fax: 414-273-8476
dnardick@hansenreynolds.com

Alan W. Nicgorski
Hansen Reynolds LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
Office: 414-455-7676
Fax: 414-273-8476
anicgorski@hansenreynolds.com

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

# EXHIBIT A

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Curry v. County Materials Corp., et al.*, Case No. 2:22-cv-02015-CSB-EIL
United States District Court for the Central District of Illinois

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU PROVIDED YOUR FINGER SCAN FOR EMPLOYEE TIMEKEEPING BY COUNTY MATERIALS CORP., COUNTY PROCESSING CORP., COUNTY PRESTRESS LLC, OR A-1 TRANSIT SERVICES CORPORATION AT ANY TIME BETWEEN DECEMBER 10, 2016, AND [DATE OF PRELIMINARY APPROVAL].**

*This is a court-authorized notice of a proposed class action settlement. This is __not__ a solicitation from a lawyer and is __not__ notice of a lawsuit against you.*

## WHY DID I GET THIS NOTICE?

This is a court-authorized notice of a proposed Settlement in a class action lawsuit, *Curry v. County Materials Corp., et al.*, Case No. 2:22-cv-02015-CSB-EIL, pending in the United States District Court for the Central District of Illinois. The Settlement would resolve a lawsuit brought on behalf of persons who allege that County Materials Corp. and/or Central Processing Corp. required workers to provide their biometric identifiers and/or biometric information for timekeeping without first providing them with legally-required written disclosures and obtaining written consent, in violation of the Illinois Biometric Information Privacy Act ("BIPA"). Defendants contest these claims and deny they violated BIPA. If you received this Notice, you have been identified as a member of the Settlement Class. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of Settlement only. The Court has not decided who is right or wrong. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the members of the Settlement Class. Please carefully read the instructions and explanations below so that you can better understand your legal rights. Your legal rights are affected whether you act or do not act.

## WHAT IS THIS LAWSUIT ABOUT?

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., regulates the collection, storage, and/or use of a person's biometric data in Illinois, including requiring certain written disclosures and obtaining written consent. Biometric data includes fingerprints. This lawsuit alleges that Defendants violated BIPA by requiring current and former workers to submit their fingerprint for employee timekeeping purposes between December 10, 2016, and [date of Preliminary Approval] without first providing the requisite disclosures or obtaining the requisite consent. Defendants contest these claims and deny that they violated BIPA.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "members of a Settlement Class." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

## WHY IS THERE A SETTLEMENT?

To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendants. The Settlement requires Defendants to pay money to the Settlement Class, as well as pay settlement administration expenses, attorneys' fees and costs to Class Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendants and does not imply that there has been, or would be, any finding that Defendants violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if, at any time between December 10, 2016, and [date of Preliminary Approval], and you performed work for County Materials Corp., Central Processing Corp., County Prestress LLC, and/or A-1 Transit Services Corporation in the State of Illinois and had any information that allegedly could be covered under BIPA collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by Defendants. You will be considered a member of the Settlement Class unless you properly execute and file a timely request for exclusion from the Class as explained below.

## WHAT ARE MY OPTIONS?

(1) **Accept the Settlement.**
    To accept the Settlement, you do not need to do anything. If you are receiving this Notice, you are currently considered a member of the Settlement Class and will be a Settlement Class Member unless you exclude yourself from the Settlement.

(2) **Exclude yourself.**
    You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendants and the other Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by filing your own lawsuit against Defendants at your own risk and expense. To exclude yourself from the Settlement, you must send a written request for exclusion to the Settlement Administrator providing your name, address, and telephone number; the name and number of this case; a statement that you wish to be excluded from the Settlement Class; and your signature, postmarked by **[EXCLUSION DEADLINE]** to **[ADMINISTRATOR ADDRESS]**. A request to be excluded that is sent to an address other than that designated in this Notice, or that is not postmarked within the time specified, shall be invalid and you shall be considered a Settlement Class Member and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved by the Court.

(3) **Object to the Settlement.**
    If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the United States District Court for the Central District of Illinois, 218 U.S. Courthouse, 201 S. Vine Street, Urbana, IL 61802, specifying *Curry v. County Materials Corp., et al.*, Case No. 2:22-cv-02015-

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

CSB-EIL. The objection must be received by the Court no later than **[OBJECTION DEADLINE]**. You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (address below), as well as the attorneys representing Defendants (Danielle M. Nardick, Hansen Reynolds LLC, 10 E Doty St., Suite 800, Madison, WI 53703; Alan W. Niegorski, Hansen Reynolds LLC, 150 S. Wacker Dr., 24th Floor, Chicago, IL 60606), postmarked no later than **[OBJECTION DEADLINE]**. Any objection to the proposed Settlement must include your (i) full name, address, and telephone number; (ii) the case name and number of this lawsuit; (iii) the date range during which you were employed by or performed work for Defendants; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last five years; and (vi) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **[OBJECTION DEADLINE]**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which to be held on **[FINAL HEARING DATE AND TIME]**, in the Court's discretion via telephone, videoconference, or at 318 U.S. Courthouse, 201 S. Vine Street, Urbana, IL 61802 in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for an incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as attach or include any exhibits they intend to introduce at the Final Approval Hearing to their written objection.

## WHAT DOES THE SETTLEMENT PROVIDE?

**Cash Payments.** Defendants have agreed to create a Settlement Fund for the Class Members in the amount of $530,750.00. All Settlement Class Members are entitled to receive a payment out of the Settlement Fund. If the Settlement is approved, the Settlement Fund will be allocated as follows: $1,375.00 per person for all those who were enrolled at Central Processing Corporation before signing any consent; $250 per person for all others enrolled at Central Processing Corporation; $500 per person for workers enrolled at County Materials Corp., County Prestress LLC, or A-1 Transit Services Corporation, less deductions for settlement administration costs, attorneys' fees, and a service award to the Class Representative. Under this framework, some Class Members may make more than one recovery. The Settlement Administrator will issue a check to each Class Member following the final approval of the Settlement. All checks issued to Settlement Class Members will expire and become void 180 days after they are issued. Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of up to 35% of the Settlement Fund, plus reasonable costs, for the substantial time, expense and effort expended in investigating the facts, litigating the case and negotiating the Settlement. The Class Representative also will apply to the Court for a payment of up to $7,500.00 each for his time, effort, and service to the Class in this matter.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from this Settlement, you will be considered a Settlement Class Member, which means you give up your right to file or continue a lawsuit for all claims related in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

identifiers and/or biometric information against County Materials Corp., Central Processing Corporation, County Prestress LLC, or A-1 Transit Services Corporation and their past or present parents or subsidiaries, and any other entities that could be jointly or severally liable for the Released Claims (collectively, the "Released Parties"). Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available upon request. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the court order becomes final, which should occur within approximately 30 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case can be obtained through Class Counsel at the information provided below.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections to and arguments regarding the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative service award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **[FINAL APPROVAL DATE / TIME]** in the Court's discretion via telephone, videoconference or at 318 U.S. Courthouse, 201 S. Vine Street, Urbana, IL 61802.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement. Plaintiff, Defendants, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and the Plaintiff and Defendants will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

Ryan F. Stephan              David Neiman                Miranda L. Soucie
Haley R. Jenkins             **ROMANUCCI & BLANDIN**     Spiros Law, P.C.

DocuSign Envelope ID: 1AE62E53-B661-4068-A2BF-60C43A62DF8D

| | | |
|---|---|---|
| Stephan Zouras, LLP<br>100 N. Riverside Plaza, Suite 2150<br>Chicago, Illinois 60606<br>312.233.1550<br>312.233.1560 *fax*<br>lawyers@stephanzouras.com | 321 North Clark Street, Suite 900<br>Chicago, Illinois 60654<br>T: 312.626.7614 \| F: 312.458.1004<br>dneiman@rblaw.net | 2807 N. Vermilion, Suite 3<br>Danville, IL 61832<br>Telephone: 217.443.4343<br>msoucie@spiroslaw.com |

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained by contacting Class Counsel. If you have any questions, you can also contact Class Counsel at the numbers or email addresses set forth above. All pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.