**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **RYAN CURRY, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) | **Case No. 22-CV-2015** |
| | ) | |
| **COUNTY MATERIALS CORP. and CENTRAL PROCESSING CORPORATION,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

On December 10, 2021, Plaintiff, Ryan Curry, filed a putative class action Complaint (#1-1) in Champaign, Illinois, circuit court, alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. The matter was removed to this Court on January 21, 2022. Plaintiff has now filed an unopposed Motion for Preliminary Approval of Class Settlement (#37). The Court has considered the Settlement Agreement (#37-1) and its exhibits, including the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice"), along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. This Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' Class Action Settlement.

4. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed Settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

> All individuals who (1) worked or are currently employed by Central Processing Corp., and are working for County Materials Corp., Central Processing Corp., County Prestress LLC, or A-1 Transit Services Corporation; (2) in the State of Illinois; (3) who had their fingerprints collected, captured, received, stored, or otherwise obtained or disclosed by the Released Parties; (4) within the five-year period preceding the date the Complaint was filed to the date of Preliminary Approval of the Settlement by the Court. ("Settlement Class").

5. This Court specifically finds for purposes of this Settlement that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) Plaintiff's claims are typical of the class claims; and (iv) Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this Settlement that common questions of fact and law predominate over questions affecting individual Class Members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Settlement Class Members.

6. This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Ryan Curry as Class Representative.

7. This Court approves Analytics Consulting, LLC as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

8. The Class Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws. The Class Notice is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The Class Notice, attached to the Settlement Agreement as Exhibit A, is approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement within two weeks of entry of this Order.

10. Any written objection to the Settlement must be submitted to the Court no later than 60 days after the Class Notice is postmarked to the Class Members.

11. Any uncashed amounts from the Settlement Fund (including checks disbursed to Settlement Class Members that are uncashed for any reason within 180

days of issuance of the check) will be distributed to Land of Lincoln Legal Assistance

Foundation as a cy pres, as set forth in the Settlement Agreement.

12. This Court preliminarily approves the Fee Award to Class Counsel of

$185,762.50 of the Settlement Fund, inclusive of all past and anticipated future

attorneys' fees, which represents 35% of the Settlement Fund, plus costs and expenses

not to exceed $5,000.00.

13. In the event that the Effective Date does not occur, the Settlement and the

Settlement Agreement shall be deemed null and void and shall have no effect

whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be

relied upon, cited as, constitute evidence of, or constitute an admission that class or

collective action certification is or may be appropriate in this action or any other matter,

as set forth in the Settlement Agreement.

14. The Court will conduct a Final Approval Hearing on April 14, 2023, at 10:30

A.M. in Courtroom A in Urbana to determine the overall fairness of the Settlement. The

Final Approval Hearing may be continued without further notice to Class Members.

The Class Representative shall file a motion for approval of the Settlement, and Class

Counsel shall file their petition for a Fee Award, Administration Expenses, and the

Service Award to the Class Representative on or before April 7, 2023.

ENTERED this 30th day of November, 2022.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE