E-FILED
Thursday, 06 April, 2023  02:40:36 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RYAN CURRY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 2:22-cv-2015 |
| v. | ) ) | Hon. Colin S. Bruce |
| COUNTY MATERIALS CORP. and CENTRAL PROCESSING CORPORATION, | ) ) ) | Magistrate Eric I. Long |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR AND MEMORANDUM IN SUPPORT OF
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

   I.    INTRODUCTION ...................................................................................................1

   II.   FACTUAL AND PROCEDURAL BACKGROUND........................................................2

   III.  TERMS OF THE SETTLEMENT AGREEMENT ..........................................................3

       A.   The Settlement Class........................................................................................ 3

       B.   The Settlement Fund and Allocation. .............................................................. 3

       C.   Prospective Relief ........................................................................................... 5

       D.   Attorneys' Fees and Litigation Costs............................................................... 5

       E.   Release of Liability. ........................................................................................ 5

       F.   Settlement Administration. .............................................................................. 6

       G.   Exclusion and Objection Procedures. .............................................................. 7

   IV.  THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23 ....7

   V.   THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE
       IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA
       FIDE DISPUTE OVER PLAINTIFF'S CLAIMS.............................................................7

       A.   The Settlement Is Fair, Reasonable, and Adequate. ....................................... 8

           1.   The Settlement Amount is Substantial Given the Strengths of Plaintiff's Claims
              and Attendant Risks (First Factor)........................................................... 9

           2.   Litigation Through Trial Would Be Complex, Costly, and Long (Second Factor).. 13

           3.   The Reaction of the Class Has Been Overwhelmingly Positive (Third Factor). ...... 14

           4.   Competent Counsel for All Parties Endorse this Agreement (Fourth Factor). ......... 15

           5.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case
              Responsibly (Fifth Factor). ...................................................................... 16

       B.   Approval of the Release of Class BIPA Claims Is Appropriate. .................................. 16

   VI.  CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  No. 07 Civ. 2898, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012)................. 8, 9

*Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*,
  616 F.2d 205 (7th Cir. 1980) ................................................ 11, 15

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
  100 F.3d 1041 (1st Cir. 1996) ............................................... 15

*Donovan v. Estate of Fitzsimmons*,
  778 F.2d 298 (7th Cir. 1985) ............................................... 13, 14

*EEOC v. Hiram Walker & Sons, Inc.*,
  768 F.2d 884 (7th Cir. 1985) ............................................... 8, 11

*Eubank v. Pella Corp.*,
  753 F.3d 718 (7th Cir. 2014) ............................................... 8

*Gautreaux v. Pierce*,
  690 F.2d 616 (7th Cir. 1982) ............................................... 15

*Goldsmith v. Tech Sols. Co.*,
  No. 92 C 4374, 1995 WL 17009594 (N.D. Ill. Oct. 10, 1995). ............... 13

Herbert B. Newberg & Alba Conte,
  *Newberg of Class Actions* §11.41 .......................................... 15

*Hispanics United of DuPage County v. Village of Addison, Illinois*,
  988 F. Supp. 1130 (N.D. Ill. 1997) ......................................... 14

*In re Mexico Money Transfer Litig.*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000) ...................................... 13

*In re Ravisent Techs., Inc. Sec. Litig.*,
  2005 WL 906361 (E.D. Pa. Apr. 18, 2005) ................................... 10

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ............................................... passim

*Marshall v. Life Time Fitness, Inc.*,
  17-CH-14262 (Cook County) ................................................. 10

*Mirfasihi v. Fleet Mortgage Corp.*,
    356 F.3d 781 (7th Cir. 2004) ........................................................................ 8

*Patterson v. Stovall*,
    528 F.2d 108,(7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*,
    134 F.3d 873 (7th Cir. 1998) ....................................................................8, 11

*Pearson v. NBTY, Inc.*,
    772 F.3d 778 (7th Cir. 2014) ...................................................................... 15

*Pichlet v. UNITE*,
    775 F. Supp. 2d 754 (E.D. Pa. 2011) .......................................................... 13

*Prelipceanu v. Jumio Corp.*,
    18-CH-15883 (Cook County) ...................................................................... 10

*Rafidia v. KeyMe, Inc.*,
    18-CH-11240 (Cook County) ...................................................................... 10

*Reynolds v. Beneficial Nat'l Bank*,
    288 F.3d 277 (7th Cir. 2002) ...................................................................... 14

*Roberts v. Apple Sauce, Inc.*,
    No. 12 Civ. 830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) .................... 16

*Schulte v. Fifth Third Bank*,
    805 F. Supp. 2d 560 (N.D. Ill. 2011) ..................................................... 12, 14

*Seiden v. Nicholson*,
    72 F.R.D. 201 (N.D. Ill. 1976) .................................................................... 14

*Sharrieff v. Raymond Mgmt. Co., Inc. d/b/a The Raymond Group*,
    18-CH-01496 (Cook County) ...................................................................... 10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) ........................................................................ 9

*Torres v. Eataly Chicago, LLC*,
    20-CH-06417 (Cook County) ...................................................................... 10

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ............................................................................ 8

*Zhirovetskiy v. Zayo Group, LLC*,
    17-CH-09323 (Cook County) ...................................................................... 10

**Statutes**

Illinois Biometric Information Privacy Act ("BIPA"),
    740 ILCS 14/1, *et seq*........................................................................................... 1, 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ 7

## I.    INTRODUCTION

Named Plaintiff Ryan Curry individually and on behalf of a class of 396 individuals certified for settlement purposes ("Plaintiff") by and through undersigned counsel, moves for final approval of the Parties' settlement of Plaintiff's claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The Parties' settlement of this Rule 23 class action is fair, reasonable, and adequate under the governing legal standards and satisfies all of the criteria for final approval. Plaintiff respectfully requests the Court: (1) grant final approval of the Class Action Settlement Agreement ("Settlement Agreement"), attached as Exhibit 1, including the releases of claims as set forth therein; and (2) enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit 2.[1]

On November 30, 2023, the Court took the first step in the settlement approval process by entering preliminary approval of the Parties' Settlement Agreement; certifying the Settlement Class as set forth in Paragraphs 13 and 39 of the Settlement Agreement (the "Settlement Class") pursuant to Federal Rule of Civil Procedure 23; appointing the attorneys from Stephan Zouras, LLP as Class Counsel; appointing Named Plaintiff Ryan Curry as Class Representative; appointing Analytics Consulting, LLC, ("Analytics") as Settlement Administrator; directing that Notice be mailed to the Settlement Class; and setting a date for the Final Approval Hearing. *See* Exhibit 3, Preliminary Approval Order.

The Settlement Class Members have been notified of the terms of the Settlement, including the monetary relief, the allocation, and their right to object to or opt out of the Settlement. *See* Exhibit 4, Declaration of Due Diligence ("Admin. Decl."), ¶¶ 4-9; *see also* Exhibit 1 to Admin. Decl. ("Class Notice"). Zero Class Members objected to the Settlement, and zero Class Member

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Settlement Agreement

excluded themselves. Admin. Decl. ¶¶ 15-16; <u>Exhibit 5</u>, Decl. of Ryan F. Stephan ("Stephan Decl.") ¶ 15. With such overwhelming support for the Settlement and for the reasons stated below, the Court should grant final approval and enter a final judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Though Plaintiff detailed the case background in his preliminary approval motion (Dkt. 37), it is set forth in brief below for ease of reference. Plaintiff filed his putative Class Action Complaint in in the Circuit Court of the Sixth Judicial District, Champaign County on December 10, 2021, alleging that Defendant Curry Materials Corp. ("CMC") utilizes biometric timekeeping devices at its facilities in Illinois and requires its workers to use the devices when clocking into and out of work but failed to comply with BIPA by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to develop and adhere to a publicly available retention schedule and guidelines for permanently destroying biometric data.

On January 21, 2022, CMC filed a Notice of Removal in the United States District Court for the Central District of Illinois (Dkt. No. 1), where it was assigned to and remains pending before the Hon. Colin S. Bruce. On February 15, 2022, Plaintiff filed the operative First Amended Class Action Complaint, adding Defendant Central Processing Corporation ("CPC"). (Dkt. No. 19). Defendants filed a motion to dismiss on March 11, 2022, which the Parties fully briefed. (Dkt. No. 27). On September 1, 2022, the Court entered a written opinion denying Defendants' motion without prejudice to refile after the Illinois Supreme Court issued rulings in *Cothron v. White*

*Castle Systems, Inc.*, No. 128004, and *Tims v. Black Horse Carriers, Inc.*, No. 127801. (Dkt. No. 34). The Court also stayed proceedings pending *Cothron* and *Tims*.

Counsel for the Parties informally exchanged information and engaged in extensive settlement negotiations beginning in February 2022. These negotiations continued throughout the spring and summer, ultimately reaching an agreement in principle memorialized in a Memorandum of Understanding that was fully executed on September 15, 2022. These extensive negotiations culminated in the Settlement Agreement attached hereto as Exhibit 1, which was executed by the Parties on October 26, 2022. Plaintiff then promptly moved for preliminary approval of the settlement (Dkt. No. 37), which this Court granted on November 30, 2022 (Dkt. No. 38).

## III.     TERMS OF THE SETTLEMENT AGREEMENT

The terms of the Settlement are set forth in the Settlement Agreement and Release, (Exhibit 1) and are briefly summarized here:

### A.     The Settlement Class.

The proposed Settlement would establish a Settlement Class defined as follows:

> All individuals who (1) worked or are currently employed by Central Processing Corp., and are working for County Materials Corp., Central Processing Corp., County Prestress LLC, or A-1 Transit Corporation; (2) in the State of Illinois; (3) who had their fingerprints collected, captured, received, stored, or otherwise obtained or disclosed by the Released Parties; (4) within the five-year period preceding the date the Complaint was filed to the date of Preliminary Approval of the Settlement by the Court ("Settlement Class").

Exhibit 1, ¶ 39.

### B.     The Settlement Fund and Allocation.

Per the terms of the Settlement Agreement, Defendants will tender to the Settlement Administrator the total sum of $530,750.00 to create the Settlement Fund. Exhibit 1, ¶ 43(a). The Settlement Fund shall be used to pay (i) the settlement amount to each Settlement Class Member;

(ii) a Service Award to the Class Representative ($7,500.00); (iii) the Fee Award; and (iv) Administrative Expenses not to exceed $30,000.00. *Id.* ¶ 43(d). The Settlement Fund shall be divided among members of the Settlement Class that do not opt out as follows: $1,375.00 per person for all those who were enrolled at Central Processing Corporation before signing any consent (210 workers); $250 per person for all others enrolled at Central Processing Corporation (186 workers); $500 per person for workers enrolled at County Materials Corp., County Prestress, LLC, or A-1 Transit Corporation (391 workers), less *pro rata* reductions for Class Counsel's Fee Award, Service Award to the Class Representative and Administrative Expenses. *Id.* ¶¶ 36, 44. Under this framework, certain Class Members may make more than one recovery. *Id.* Importantly, Settlement Class Members did not have to submit a claim form or otherwise "opt in" to the Settlement. *Id.* ¶ 45. Checks to the Settlement Class Members shall remain valid and negotiable for 180 days from the date of their issuance, and thereafter shall become void if not cashed within that time. *Id.* ¶¶ 46, 51(d). Within 75 days of issuance of settlement checks, the Settlement Administrator shall provide a list of any settlement checks that are not cashed/negotiated within 60 days of issuance to Counsel for the Parties. *Id.* ¶ 51(d). Within 10 days thereafter, the Settlement Administrator shall attempt to confirm or obtain valid mailing addresses, including by telephone, and send a reminder post-card to affected Class Members. *Id.* Additionally, at the conclusion of the 180-day period, the Settlement Administrator shall provide a list of any settlement checks that are not then cashed/negotiated to Counsel for the Parties. *Id.* Within 10 days of the expiration of the 180-day period, the Settlement Administrator shall transfer such uncashed funds to Land of Lincoln Legal Assistance Foundation as a *cy pres*. *Id.*

### C.     Prospective Relief

The Settlement also provides significant injunctive relief to the Settlement Class. Specifically, Defendants agree to take steps to comply with the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., including publicizing their biometric policies, ensuring that all of the Released Parties comply with BIPA, and verifying that previously collected biometric data is stored and destroyed in accordance with BIPA. Exhibit 1, ¶ 52.

### D.     Attorneys' Fees and Litigation Costs.

Contemporaneous with this Motion, Class Counsel will petition for Court approval of an award of attorneys' fees and expenses. Class Counsel will seek, and Defendants will not oppose, an award of attorneys' fees in the amount of $185,762.50 plus reasonable costs and expenses, not to exceed $5,000. *See* Exhibit 1, ¶ 71. These sums are fair and reasonable in light of all of the facts and circumstances, including time spent by Class Counsel, their hourly rates, the risks undertaken, and the results achieved.

### E.     Release of Liability.

In exchange for the relief described above, Settlement Class Members who do not exclude themselves will release all claims against the Released Parties which relate to or arise out of the allegations in the Complaint and which relate in any way to information that is or could be protected under BIPA or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the collection, capture, receipt, maintenance, storage, transmission, or disclosure  of biometric identifiers and/or biometric information that Class Members claim, might claim, or could have claimed in any court or administrative proceeding against the Released Parties and relating to Biometric Systems used by the Released Parties and any or all of their past or

present parents of subsidiaries, and any other entities that could be jointly or severally liable for the claims. Exhibit 1, Sec. VII.

      **F.    Settlement Administration.**

      The Parties engaged Analytics Consulting, LLC ("Analytics"), to prepare, print, mail, and e-mail the Class Notice, to track exclusions and objections, and to draft and mail settlement checks. Admin Decl. ¶ 3. On December 7, 2022, Counsel for Defendants provided Analytics with the mailing list ("Class List") containing names, last known mailing addresses, phone numbers and email address where available for 396 Settlement Class Members. Admin Decl. ¶ 4. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. Admin Decl. ¶ 6. The NCOA contains requested changes of address filed with the U.S. Postal Service; accordingly, in the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice. *Id.* On December 14, 2022, Class Notices were mailed to 396 Class members. Admin Decl. ¶ 8. On the same date, Class Notices were emailed to 431 email addresses for 330 Class members. Admin Decl. ¶ 9. The Class Notice advised Class Members that they could submit an exclusion and/or objection postmarked by February 13, 2023. (*See* Class Notice, attached hereto as Exhibit 6). 42 Class Notices were returned to Analytics as undeliverable without a forwarding address – by performing advanced address research for these 42 Class Members, Analytics was able to reissue 32 of the 42 Mail Notices to a better address: the remaining 10 remain undeliverable because no better address could be determined. Admin. Decl. ¶¶ 11-14. As of February 13, 2023, 386 or 97.47% of the Class Members on the Class List sent Mail Notices were deemed delivered and 10

or 2.53% were deemed undeliverable. <u>Admin. Decl.</u> ¶ 15. As of February 13, 2023, Analytics has

not received any requests for exclusions. <u>Admin Decl.</u> ¶¶ 15.

      **G.**      **Exclusion and Objection Procedures.**

      The Deadline to object or opt out of the Settlement was February 13, 2023. <u>Admin. Decl.</u> ¶

15. That deadline has now passed. Zero Settlement Class Members requested exclusion from the

Settlement, and zero Class Members objected to the Settlement. <u>*Id.*</u> ¶¶ 15-16.

**IV.**      **THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23**

      Under Rule 23(c)(2)(B), notice must provide:

> the best notice that is practicable under the circumstances, including individual
> notice to all members who can be identified through reasonable effort. The notice
> must clearly and concisely state in plain, easily understood language: (i) the nature
> of the action; (ii) the definition of the class certified; (iii) the class claims, issues,
> or defenses; (iv) that a class member may enter an appearance through an attorney
> if the member so desires; (v) that the court will exclude from the class any member
> who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii)
> the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23 (c)(2)(B).

      As set forth above and demonstrated by the thoroughness of the Notice, the Parties' effort

to effectuate notice by mail and e-mail to the Class Members meets the requirements of Rule

23(c)(2)(B). (*See* <u>Exhibit 6</u>).

**V.**      **THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA FIDE DISPUTE OVER PLAINTIFF'S CLAIMS**

      Rule 23(e) requires court approval for a class action settlement to ensure that it is

procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e). A

"presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached

in arm's-length negotiations between experienced, capable counsel after meaningful discovery."

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). "In reviewing a proposed settlement, the court should consider the judgment of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Courts examine the fairness, reasonableness and adequacy of a settlement in light of the "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks and citation omitted); *see Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). As set forth in detail below, the proposed settlement is fair, reasonable and adequate under Rule 23(e) and is a fair and reasonable resolution of a bona fide dispute over the provisions of BIPA and, thus, should be approved.

### A.    The Settlement Is Fair, Reasonable, and Adequate.

To approve a proposed settlement of a class action under Rule 23, a court's review of a settlement agreement is "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196 (citations omitted); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) ("*Hiram Walker*"). The Court's task is to evaluate "the general principles governing approval of class action settlements" and not the "substantive law governing the claims asserted in the litigation." *Isby*, 75 F.3d at 1197 (citation omitted).

However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). Courts consider five factors: (1) the strength of plaintiff's case

compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727 at *2 (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must view the settlement in its entirety, rather than focus on an individual component. *Isby*, 75 F.3d at 1199.

### 1.    The Settlement Amount is Substantial Given the Strengths of Plaintiff's Claims and Attendant Risks (First Factor).

Defendants have agreed to settle this case for $530,750.00 for a class of 396 workers. Exhibit 1, ¶¶ 4, 36, 43(a). The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($7,500.00); (iii) the Fee Award ($185,762.50) and Litigation Costs ($553.34); and (iv) the Administrative Expenses $6,876.00 Admin Decl. ¶ 17. This leaves a Net Settlement Fund of $330,373.50 and an estimated average payment to each Participating Class Member of $834.27. The Settlement Fund will be divided among class members as follows: $1,375.00 per person for all those who were enrolled at Central Processing Corporation before signing any consent (210 workers); $250 per person for all others enrolled at Central Processing Corporation (186 workers); $500 per person for workers enrolled at County Materials Corp., County Prestress, LLC, or A-1 Transit Corporation (391 workers), less *pro rata* reductions for Class Counsel's Fee Award, Service Award to the Class Representative and Administrative Expenses. Exhibit 1, ¶¶ 36, 44. Under this framework, certain Class Members may make more than one recovery. *Id.* Importantly, Settlement Class Members did not have to submit a claim form or otherwise "opt in" to the Settlement. *Id.* ¶ 45. Here, no class members objected to the settlement or requested exclusion. Admin Decl. ¶¶ 15-16. This is a substantial settlement that represents significant value, particularly given the attendant risks of litigating the

merits of the case through Rule 23 class certification, potential decertification proceedings, summary judgment practice and/or trial, and any appeals of decisions on those matters. <u>Stephan Decl.</u> ¶ 16.

This is a meaningful monetary recovery, especially compared to other class action BIPA settlements that have received final approval:

| Case | Judge | Date | Class Size | Per Person Amount |
|------|-------|------|-----------|-------------------|
| *Torres v. Eataly Chicago, LLC,* 20-ch-06417 (Cook County) | Walker | June 8, 2021 | 218 | $389 gross |
| *Zhirovetskiy v. Zayo Group, LLC,* 17-CH-09323 (Cook County) | Flynn | Apr. 8, 2019 | 2,475 | $450 gross |
| *Sharrieff v. Raymond Mgmt. Co., Inc. d/b/a The Raymond Group,* 18-CH-01496 (Cook County) | Cohen | Apr. 8, 2019 | 485 | $500 gross |
| *Marshall v. Life Time Fitness, Inc.*, 17-CH-14262 (Cook County) | Tailor | Aug. 7, 2019 | 6,000 | $270 net[2] |
| *Rafidia v. KeyMe, Inc.*, 18-CH-11240 (Cook County) | Gamrath | June 5, 2020 | 2,117 | $515 net |
| *Prelipceanu v. Jumio Corp.*, 18-CH-15883 (Cook County) | Mullen | July 21, 2020 | Thousands | $262.28 net[3] |

The Settlement Agreement also represents a meaningful recovery when compared against average recoveries in class action settlements generally. *See In re Ravisent Techs., Inc. Sec. Litig.,* 2005 WL 906361, at *9 (E.D. Pa. Apr. 18, 2005) (approving settlement, which amounted to 12.2%

---

[2] The settlement also included dark web monitoring the parties valued at $130 per class member.

[3] The settlement agreement and filings did not disclose the number of class members in this $7 million settlement or the ultimate net per person recovery. Class counsel's fee petition represented that "thousands" of class members had filed claims. Legal websites state that class members who submitted claims received up to $262.28 per person with a second distribution of $14.50. *See* https://topclassactions.com/lawsuit-settlements/lawsuit-news/illinois-jumio-biometric-class-action-settlement/ (last visited March 9, 2023).

of damages, and citing a study by Columbia University Law School, which determined that "since 1995, class action settlements have typically recovered between 5.5% and 6.2% of the class members' estimated losses.") (internal citations omitted).

Here, the Settlement provides far more than a fraction of the potential recovery. The recovery here is well within the range of reasonable recovery and represents significant value given the attendant risks of litigation. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

In evaluating the strength of the plaintiffs' case on the merits as compared to the amount of the proposed settlement, courts refrain from reaching conclusions on issues which have not been fully litigated. *Patterson*, 528 F.2d at 114 (collecting cases). Courts "have been admonished to refrain from resolving the merits of the controversy of making a precise determination of the parties' respective legal rights." *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Because "[t]he essence of settlement is compromise," *Id.*, courts should not reject a settlement "solely because it does not provide a complete victory to the plaintiffs." *Isby*, 75 F.3d at 1200; *see also Armstrong v. Bd. Of Sch. Dirs. Of Milwaukee*, 616 F.2d 205, 315 (7th Cir. 1980) (noting that "the essence of a settlement is compromise[,] an abandonment of the usual total-win versus total-loss philosophy of litigation in favor of a solution somewhere between the two extremes"). Parties to a settlement benefit by immediately resolving the litigation and receiving "some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory. Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial." *Hiram Walker*, 768 F.2d at 889 (internal citations omitted).

11

The outcome of this Action is far from certain. In addition to any defenses on the merits Defendants would raise, Plaintiff would also otherwise be required to prevail on a class certification motion, which is highly contested and for which success is certainly not guaranteed. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("Settlement allows the class to avoid the inherent risk, complexity, time and cost associated with continued litigation") (internal citations omitted). "If the Court approves the [Settlement], the present lawsuit will come to an end and [Settlement Class Members] will realize both immediate and future benefits as a result." *Id*. Approval would allow Plaintiff and the Settlement Class Members to receive meaningful and significant payments now, instead of years from now or never. *Id*. at 582.

While Plaintiff believes he would likely prevail on his claims, he is also aware that Defendants have expressed a firm denial of his material allegations and the intent to pursue a number of substantial legal and factual defenses, including but not limited to whether CMC is a proper defendant, whether Defendants owed Plaintiff and the putative Class a public policy under Section 15(a), and whether some or all of Plaintiff's claims are barred by the statute of limitations. If successful, these defenses could result in Plaintiff and the proposed Settlement Class Members receiving no payment whatsoever. This risk is readily apparent, given the number of other legal and factual issues that have gone untested to date without final controlling legal authority. Taking these realities into account and recognizing the risks involved in any litigation, the monetary relief available to each Settlement Class Member in the Settlement represents a truly excellent result for the Settlement Class.

The proposed Settlement thus ensures that the Settlement Class Members will receive significant monetary relief and receive a settlement amount that is reasonable and consistent with the established facts as applied to the governing law. Weighing the benefits of the Settlement

against the available evidence and the risks associated with proceeding in the Action, the settlement amount is reasonable. This factor therefore weighs in favor of preliminary approval.

### 2. Litigation Through Trial Would Be Complex, Costly, and Long (Second Factor).

The Second Factor to be considered is the complexity, length, and expense of litigation that will be avoided by the proposed settlement, which also weighs in favor of final Settlement approval. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000). "As courts recognize, a dollar obtained in settlement today is worth more than a dollar obtained after a trial and appeals years later." *Goldsmith v. Tech Sols. Co.*, No. 92 C 4374, 1995 WL 17009594, at *4 (N.D. Ill. Oct. 10, 1995). The Settlement here allows Settlement Class Members to receive immediate relief, avoiding lengthy and costly additional litigation.

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiff seeks to avoid significant expense and delay, and instead ensure recovery for the class. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985). What lies ahead would be years more of litigation at every phase of this case—all of which would pose the possibility of significant stumbling blocks for this Class. Although Class Counsel believes Plaintiff's case is strong, it is subject to considerable risks and costs if the case is not settled.

Assuming that the Class would ultimately have been certified (and that Plaintiff would have defeated a summary judgment motion), the case would have proceeded to trial where the Parties are likely to litigate a horde of complex issues that, in light of BIPA's relative infancy, are either still being resolved by the courts or are matters of first impression. *See, e.g., Pichlet v. UNITE,* 775 F. Supp. 2d 754, 759 (E.D. Pa. 2011) (approving class action settlement in light of

the complexity of future litigation on issues of first impression). Again, although Plaintiff believes in the strength of his claims—a risk that Defendants evidently appreciated in light of the Settlement they agreed to—further litigation poses risks on both sides.

Continued litigation carries with it a decrease in the time value of money, for "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The proposed settlement provides immediate benefits.

Here, further litigation would certainly result in extensive discovery, including depositions, fully briefed motions for class certification and summary judgment on liability, as well as other issues, and the risk, time, and expense associated with a complex trial, or trials, for damages. Any judgment would likely be appealed, further extending the litigation. These costs of further litigation are considerable in terms of both time and money but would not reduce the risks that litigation holds for the class. *See Isby*, 75 F.3d at 1199. On the other hand, "[s]ettlement allows the class to avoid inherent risk, complexity, time, and cost associated with continued litigation." *Schulte v. Fifth Third* Bank, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011). Under these circumstances, the benefits of a guaranteed recovery today as opposed to an uncertain result in the future, are readily apparent. This factor therefore weighs in favor of final approval.

### 3.   The Reaction of the Class Has Been Overwhelmingly Positive (Third Factor).

The absence of objections by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole. *See Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may

approve a fair settlement over objections by some or even many Class Members"). Here, no class members objected to the settlement or requested exclusion. Admin Decl. ¶¶ 15-16. Thus, this factor also favors approval of the settlement.

### 4. Competent Counsel for All Parties Endorse this Agreement (Fourth Factor).

Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982), quoting *Armstrong*, 616 F.2d at 325); *see also Isby*, 75 F.3d at 1200. However, they cannot rely solely on that opinion, *see Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). Importantly, here, there is no indication that the proposed Settlement Agreement is the result of collusion. *See Isby*, 75 F.3d at 1200. The settlement was reached after intense negotiation over the course of several months. In short, it took the Parties considerable effort to reach the detailed terms of this Settlement now before the Court. Stephan Decl. ¶ 17

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." Herbert B. Newberg & Alba Conte, *Newberg of Class Actions* §11.41 at 11-88; *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). Class Counsel are competent and experienced in class actions and are familiar with the strengths and weaknesses of the claims and defenses. Stephan Decl. ¶¶ 8, 17. Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement. Stephan Decl. ¶ 17. Simply put, Class Counsel believe that the Settlement is certainly in the best interest of the Settlement Class. Stephan Decl. ¶¶ 16-17 First, the monetary relief provided far exceeds relief in many similar class settlements and similar BIPA settlements.

Second, a recovery for the Settlement Class now is preferable to years of litigation and inevitable appeals with no guarantee of recovery. Third, and finally, the injunctive and prospective measures provided for in the settlement ensure that Class Members are protected going forward. This factor therefore weighs in favor of final approval.

> ### 5. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor).

This complex class action was resolved nearly one year after it was initiated. This period involved exhaustive research, analysis, investigation, the exchange of information, and extensive negotiations. *See* Stephan Decl. ¶¶ 10-11. The stage of litigation has advanced to a state that Class Counsel could fairly and fully evaluate the value of the Settlement. *Id*. at ¶ 17. Given the significant amount of time and resources spent by the Parties exchanging information and advancing settlement negotiations, this fifth, and final, factor favors final approval of the settlement.

> ### B. Approval of the Release of Class BIPA Claims Is Appropriate.

The Parties also request that the Court specifically approve the release of Class Members' BIPA claims as defined in the Settlement Agreement. Exhibit 1, § VII. In this case, as explained above, the terms of the settlement were reached during extensive arm's-length negotiations by experienced counsel after thorough investigation, discovery, and analysis. Because the Settlement, including Class Members' releases of their BIPA claims, resolves a bona fide dispute and was reached after vigorous arm's-length negotiations, it should be approved. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014).

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement

and enter the Proposed Final Approval Order, attached as <u>Exhibit 2</u>.

Date:   April 6, 2023                                    Respectfully Submitted,

                                                         */s/ Michael J. Casas*

                                                         Ryan F. Stephan
                                                         James B. Zouras
                                                         Michael J. Casas
                                                         **STEPHAN ZOURAS, LLP**
                                                         222 W. Adams St.
                                                         Suite 2020
                                                         Chicago, Illinois 60606
                                                         312.233.1550
                                                         312.233.1560 *f*
                                                         rstephan@stephanzouras.com
                                                         jzouras@stephanzouras.com
                                                         mcasas@stephanzouras.com

                                                         David Neiman
                                                         **ROMANUCCI & BLANDIN, LLC**
                                                         321 N. Clark St., Suite 900
                                                         Chicago, IL 60654
                                                         312-458-1000
                                                         dneiman@rblaw.net

                                                         Miranda L. Soucie
                                                         **SPIROS LAW, P.C.**
                                                         2807 N. Vermilion
                                                         Danville, IL 61832
                                                         217-443-4543
                                                         217-443-4545 *f*
                                                         msoucie@spiroslaw.com

                                                         **ATTORNEYS FOR PLAINTIFF
                                                         AND THE PUTATIVE CLASS**

17

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6, 2023, he electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

*/s/ Michael J. Casas*