UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RYAN CURRY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br><br>COUNTY MATERIALS CORP. and CENTRAL PROCESSING CORPORATION,<br><br>Defendants. | Case No. 22-CV-2015 |

## ORDER

This matter coming to be heard on Plaintiff Ryan Curry's unopposed Amended Motion for Final Approval of Class Action Settlement (#52) and Plaintiff's unopposed Amended Motion for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative (#53), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order (the "Final Approval Order") shall have the same meaning as ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement") (#52-1) between Plaintiff Ryan Curry ("Plaintiff"), for himself individually and on behalf of the

Settlement Class, Defendant County Materials Corporation, and Defendant Central Processing Corporation (together "Defendants"). Plaintiff and Defendants are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Amended Preliminary Approval Order (#41) dated December 19, 2022. At that time, the Court preliminarily certified a class of the following individuals:

> All individuals who (1) worked or are currently employed by Central Processing Corp., and are working for County Materials Corp., Central Processing Corp., County Prestress LLC, or A-1 Transit Corporation; (2) in the State of Illinois; (3) who had their fingerprints collected, captured, received, stored, or otherwise obtained or disclosed by the Released Parties; (4) within the five-year period preceding the date the Complaint was filed to the date of Preliminary Approval of the Settlement by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

5. The Court has read and considered the papers filed in support of the Amended Motion for Final Approval of Class Action Settlement, including the Settlement Agreement and Exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on July 24, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, the Court now gives final approval

of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arm's length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

8. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

9. The Court hereby finally approves the Settlement Agreement in the total amount of Five Hundred Thirty Thousand Seven Hundred Fifty Dollars ($530,750.00), consistent with and pursuant to the terms and conditions of the Settlement Agreement.

10. For settlement purposes only, the Court confirms the appointment of Plaintiff Ryan Curry as Class Representative of the Settlement Class.

11. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

Ryan F. Stephan
James B. Zouras
Michael J. Casas
STEPHAN ZOURAS, LLP
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mcasas@stephanzouras.com

David Neiman
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
312-458-1000
dneiman@rblaw.net

Miranda L. Soucie
SPIROS LAW, P.C.
2807 N. Vermilion
Danville, IL 61832
217-443-4543
217-443-4545 f
msoucie@spiroslaw.com

12. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

13. The Court has determined that the Notice (#52-6) given to the Settlement Class Members, in accordance with the Amended Preliminary Approval Order (#41), fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of applicable law, including Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

15. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

16. In this Order:

a. "Released Claims" means all claims under the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. 14/1, et seq. ("BIPA"), or related in any way to information that is or could be protected under BIPA, or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers

and/or biometric information that Class Members claim, might claim, or could have claimed in any court or administrative proceeding against the Released Parties and relating to Biometric Systems used by the Released Parties and any or all of their past or present parents or subsidiaries, and any other entities that could be jointly or severally liable for the claims.

      b. "Released Parties" refers, jointly and severally, and individually and collectively, to County Materials Corp., Central Processing Corporation, County Prestress LLC, or A-1 Transit Corporation and their past or present parents or subsidiaries, and any other entities that could be jointly or severally liable for the Released Claims. Excluded from this definition are any third-party vendors of the Biometric Systems.

      c. "Releasing Parties" refers, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their respective heirs, assigns, executors, administrators, and agents, past or present.

      17. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged any and all Released Claims against the Released Parties, or any of them.

      18. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class

Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

20. The Court approves payment of Class Counsel's attorneys' fees in the amount of $185,762.50 and costs in the amount of $553.34. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arm's length

without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

21. The Court approves settlement administration expenses in an amount not to exceed $30,000.00. The settlement administration expenses shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. The Court approves an incentive award in the amount of $7,500.00 (Seven Thousand Five Hundred Dollars) for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. To the extent a cy pres award is made pursuant to the Settlement Agreement, such award will be distributed to the Lincoln Legal Assistance Foundation.

24. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties.

The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendants.

25. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

26. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

27. The final pretrial conference and jury trial in this matter, scheduled for August 11 and 29, 2023, respectively, are hereby VACATED.

IT IS SO ORDERED.

ENTERED this 7th day of August, 2023.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE